UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 23-03183-ODW (DFM) | Date: | July 19, 2023 |
|---|---|---|---|
| Title | Jahmal Omniko Davis v. Alverez et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

    On November 28, 2022, Plaintiff filed a pro se civil rights action under 42 U.S.C. § 1983 against two City of Long Beach police officers, Officers Alverez and Nygen. See Jahmal O. Davis v. Long Beach City Police Officer Alverez et al., Case No. CV 22-08676-ODW (DFM), ECF No. 1. In that action, Plaintiff alleges that Alverez and Nygen used excessive force while arresting Plaintiff on March 3, 2021. See id. at 2-4. The Court dismissed the original complaint with leave to amend on February 28, 2023, see Davis, Order, ECF No. 9, and the Court dismissed Plaintiff's first amended complaint with leave to amend on April 11, 2023, see Davis, Order, ECF No. 15. Plaintiff filed his second amended complaint on May 22, 2023. See Davis, Second Amended Complaint, ECF No. 17. The Court has dismissed the second amended complaint with leave to amend, see Davis, Order, ECF No. 18, and the case remains at the screening stage, see 28 U.S.C. §§ 1915(e)(2), 1915A.

    Before Plaintiff filed his second amended complaint in that case, however, he filed the instant action under 42 U.S.C. § 1983 against the same two defendants. See Dkt. 1.[1] The Complaint asserts claims against Defendants Alverez and Nygen based on the same alleged use of excessive force during Plaintiff's arrest on March 3, 2021. See id. at 3, 5. In the section of the form complaint labeled "Case Number," Plaintiff wrote "NA116999UI." See id. at 1. Thus,

---

[1] In the second amended complaint in Case No. CV 22-08676-ODW (DFM), Plaintiff added the City of Long Beach Police Department as a defendant. See Davis, Second Amended Complaint, ECF No. 17 at 2. However, the second amended complaint did not include any factual allegations against the Department itself. See Davis, Order, ECF No. 18 at 4-5 (dismissing claim against Department for failure to allege facts to establish Monell liability).

| CV-90 (12/02) | CIVIL MINUTES-GENERAL | Initials of Deputy Clerk: nb |
|---|---|---|
| | | Page 1 of 2 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

although the Complaint appears to be duplicative of Plaintiff's pleadings in Case No. CV 22-08676-ODW (DFM), the Complaint was filed as a new complaint initiating a new action.[2]

Because the Complaint is duplicative of a case that is currently pending, the Complaint is subject to dismissal under 28 U.S.C. § 1915. See Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688, 692 (9th Cir. 2010) (recognizing that district courts have discretion to dismiss a duplicative later-filed action, and, further, that dismissal promotes judicial economy more so than issuance of a stay or enjoinment of the proceedings), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008); see also Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) ("There is no abuse of discretion where a district court dismisses under § 1915 [ ] . . . a complaint 'that merely repeats pending or previously litigated claims.'" (citation omitted)).

Accordingly, Plaintiff is hereby **ORDERED to show cause in writing no later than twenty-one (21) days from the date of this order why this action should not be dismissed as duplicative of Case No. CV 22-08676-ODW (DFM).** To discharge this order and proceed with this case, Plaintiff must file a response to this order establishing that this action is not duplicative of Case No. 22-cv-08676-ODW (DFM). Alternatively, the Court would construe Plaintiff's filing of a Notice of Voluntary Dismissal, dismissing this action under Federal Rule of Civil Procedure 41(a), as sufficient to discharge this order. A Notice of Voluntary Dismissal is enclosed with the service copy of this order for this purpose, should Plaintiff elect to use it.

Plaintiff's failure to act will result in a recommendation that this case be dismissed as duplicative and for lack of prosecution.

---

[2] Plaintiff also acknowledged Case No. CV 22-0676-ODW (DFM) in the Complaint, but in response to a form question about the disposition of that case, Plaintiff wrote "I don't know exactly." See id. at 2.